J-S10022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE OTERO | : | |
| | : | |
| Appellant | : | No. 1848 EDA 2017 |

Appeal from the Judgment of Sentence April 4, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002819-2016

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                                **FILED MAY 30, 2018**

Appellant, Jose Otero, appeals from the judgment of sentence entered on April 4, 2017, as made final by the denial of his post-sentence motion on April 17, 2017.  In this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, **Anders v. California**, 386 U.S. 738 (1967).  We conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw.  Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

The factual background and procedural history of this case are as follows. During the week of January 28, 2016, Appellant sold narcotics to a confidential informant on six occasions. When police executed search warrants related to the drug investigation, they recovered a handgun with an altered serial number and a utility bill bearing Appellant's name.

On March 22, 2016, the Commonwealth charged Appellant via criminal information with possession with intent to deliver a controlled substance,[1] possession of a controlled substance by an unauthorized person,[2] possession of a firearm by a prohibited person,[3] possessing an instrument of crime,[4] and possessing a firearm with an altered serial number.[5] On January 30, 2017, Appellant was convicted of possession with intent to deliver a controlled substance, possessing a firearm with an altered serial number, and possession of a firearm by a prohibited person. On April 4, 2017, the trial court sentenced Appellant to an aggregate term of three to ten years' imprisonment. On April 10, 2017, Appellant filed a post-sentence motion.

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 18 Pa.C.S.A. § 6105(a) (1).

[4] 18 Pa.C.S.A. § 907.

[5] 18 Pa.C.S.A. § 6110.2(a).

The trial court denied that motion on April 17, 2017. This timely appeal followed.[6]

Appellant's counsel raises two issues in his **Anders** brief:

1. Was the sentence imposed upon [Appellant] by the [trial] court manifestly excessive?

2. Was [Appellant] denied effective assistance of counsel due to the fact that his trial counsel failed to preserve a claim that the verdict is against the weight of the evidence?

**Anders** Brief at 8.

Before reviewing the merits of this appeal, we must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **See Commonwealth v. Blauser**, 166 A.3d 428, 431 (Pa. Super. 2017) (citation omitted). To withdraw under **Anders**, court-appointed counsel

> must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se*, or raise any additional points worthy of this Court's attention.

**Commonwealth v. Cook**, 175 A.3d 345, 348 (Pa. Super. 2017) (cleaned up).

_____

[6] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Santiago*, 978 A.2d 349, 355 n.5 (Pa. 2009), *quoting* *McClendon*, 434 A.2d at 1187. It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations. We now turn to whether this appeal is wholly frivolous.[7]

The first issue in counsel's *Anders* brief challenges the discretionary aspects of Appellant's sentence. Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained, in order to reach the merits of a discretionary aspects claim,

> we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his [or her] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

---

[7] Appellant did not file a response to counsel's *Anders* brief.

- 4 -

*Commonwealth v. Machicote*, 172 A.3d 595, 602 (Pa. Super. 2017) (citation omitted). Appellant filed a timely notice of appeal and preserved the issue in his post-sentence motion. Although counsel did not include a Pennsylvania Rule of Appellate Procedure 2119(f) statement in his *Anders* brief, we turn to whether this case raises a substantial question. *See Commonwealth v. Bynum–Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017), *appeal denied*, 178 A.3d 106 (Pa. 2018) (citation omitted).

In his post-sentence motion, Appellant argued that the trial court failed to adequately consider certain mitigating factors. Moreover, Appellant was sentenced in the middle of the applicable sentencing guidelines range and the three sentences were ordered to run concurrently. Thus, Appellant's argument is a bald assertion that the trial court failed to consider certain mitigating factors. This Court has held "that a claim of inadequate

consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Radecki*, 180 A.3d 441, 469 (Pa. Super. 2018) (cleaned up). Hence, any argument that Appellant is entitled to relief on his discretionary aspects claim is wholly frivolous.

In his second issue, Appellant argues that trial counsel was ineffective by failing to preserve a claim that the verdict was against the weight of the evidence. Except in limited circumstances not present in this case, claims of ineffective assistance of counsel may not be raised on direct appeal. *Cook*, 175 A.3d at 351 n.3 (citation omitted). Thus, any argument related to the ineffectiveness of Appellant's trial counsel is wholly frivolous for purposes of this direct appeal.

In sum, we conclude that the issues raised in counsel's *Anders* brief are wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we grant counsel's request to withdraw. Having determined that the issues raised on appeal are wholly frivolous, we affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/18