J-S68036-17

2017 PA Super 371

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
PATRICK L. COOK, :
:
Appellant : No. 386 MDA 2017

Appeal from the Judgment of Sentence February 2, 2017
in the Court of Common Pleas of Mifflin County,
Criminal Division, at No(s): CP-44-CR-0000087-2013
CP-44-CR-0000517-2012

BEFORE: LAZARUS, DUBOW, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.: **FILED NOVEMBER 21, 2017**

Patrick L. Cook (Appellant) appeals from the aggregate judgment of

sentence of ten to 20 years of imprisonment for his convictions for various

sex crimes. Appellant's counsel has filed a petition to withdraw and a brief

pursuant to **Anders v. California**, 386 U.S. 738 (1967), and

**Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the

judgment of sentence and grant counsel's petition to withdraw.

On November 13, 2013, following a jury trial at which
Appellant proceeded *pro se*, but with the assistance of standby
counsel, Appellant was convicted of aggravated indecent assault,
indecent assault, and corruption of minors. The offenses were
perpetrated between November 2004 and September 2007, and
involved two females who were less than thirteen years of age.
Another offense occurred in July 2010, and involved one of the
earlier victims.

Appellant appeared *pro se* at sentencing, but again had the
benefit of appointed standby counsel. The trial court imposed an

*Retired Senior Judge assigned to the Superior Court.

aggregate sentence of eleven to twenty-two years [of] imprisonment based on the application of two five to ten year mandatory minimum sentences for aggravated indecent assault on a child less than thirteen years old. Appellant, who had been determined to be a sexually violent predator, was also advised of the lifetime reporting requirements and what that entailed.

Following pronouncement of sentence, the court advised Appellant of his post-sentence and appeal rights. Specifically, Appellant was told that he had the right to file a written post-sentence motion within ten days stating the particular relief sought. The court also advised Appellant that he had the same right to assigned counsel as has existed through sentencing. If he chose not to file a post-sentence motion, the court explained that he had the option to appeal to the Superior Court within thirty days. Appellant was provided with a written acknowledgement of post-sentence procedures. …

Appellant did not file a direct appeal from judgment of sentence. Rather, on February 23, 2015, he filed a timely *pro se* PCRA petition.

***Commonwealth v. Cook***, 159 A.3d 58 (Pa. Super. 2016) (unpublished memorandum at 1-3) (footnote, quotation marks, and citations omitted).

Matthew A. McClenahen, Esquire was appointed to represent Appellant, and he filed an amended petition. Attorney McClenahen requested and was granted leave to withdraw, resulting in the appointment of Stephen P. Trialonas, Esquire. In his PCRA petition, Appellant challenged the validity of his waiver of the right to counsel and the denial of his request to have standby counsel assume representation at trial. Upon appeal from denial of his PCRA petition, this Court denied Appellant relief on his counsel-related issues, both because Appellant waived the claims by failing to pursue them in a direct appeal, and because it found no merit to them in any event.

***Id.*** at 7-15. However, this Court *sua sponte* vacated his judgment of sentence, which included two unconstitutional mandatory minimum sentences, and remanded for resentencing. ***Id.*** at 17.

Pursuant to this Court's directive, the trial court resentenced Appellant on February 2, 2017, without consideration of the mandatory minimum statutes, and imposed an aggregate sentence of ten to 20 years of imprisonment. Appellant did not file a post-sentence motion. On February 20, 2017, Appellant filed a notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal. Pursuant to Pa.R.A.P. 1925(c)(4), Attorney Trialonas instead filed a statement of intent to file an ***Anders*** brief.

In this Court, Appellant's counsel filed both an ***Anders*** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to

withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the **Anders** procedure:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has complied with the technical requirements set forth above. We note that Appellant filed a response to counsel's motion, but does not raise any issues that are not addressed in the **Anders** brief. **Compare Anders** Brief at 5 (questions B-F) **with** *Pro Se* Response at ¶¶ A-E. Accordingly, we now conduct an independent review to determine whether we agree that the issues raised by counsel are wholly

- 4 -

frivolous. ***Commonwealth v. Bennett***, 124 A.3d 327, 333 (Pa. Super. 2015) ("[W]hen an appellant, either acting *pro se* or through private counsel, files a response to the ***Anders*** brief, our independent review is limited to those issues raised in the ***Anders*** brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief.").

Counsel presents the following issues:

A. Whether Appellant's claim that his sentence, imposed … on February 2, 2017, in response to this Court's decision to remand Appellant's case for resentencing under ***Alleyne v. United States***, 33 S.Ct. 2151 (2013), was improper fails to present an issue of merit for review by this Court?

B. Whether Appellant's claim with respect to the credibility of witnesses on the basis of their inconsistent statements fails to present an issue of merit for review by this Court?

C. Whether Appellant's claim that the Commonwealth failed to satisfy [its] burden of proof at the time of trial fails to present an issue of merit for review by this Court?

D. Whether Appellant's claim with regard to perjury within the record fails to present an issue of merit for review by this Court?

E. Whether Appellant's claim that the Commonwealth of Pennsylvania engaged in subornation of perjury with regard to the victims at the time of trial fails to present an issue of merit for review by this Court?

F. Whether Appellant's claim that individuals, on behalf of Franklin and Mifflin County, Pennsylvania, conspired to violate his constitutional rights under ***U.S. v. Barr***, 963 F.2d 641 ([3rd Cir. ]1992) fails to present an issue of merit for review by this Court?

***Anders*** Brief at 4-5 (suggested answers omitted).

We begin our independent review with the issue of the propriety of Appellant's sentence. First, we see no viable challenge to the legality of Appellant's sentence, as he was resentenced without consideration of any unconstitutional mandatory minimum sentence, within the statutory limits for each offense, and was given credit for time served. *See Anders* Brief at 10-11; N.T., 2/2/2017, at 6-8.

Regarding possible challenges to the discretionary aspects of Appellant's sentence, the following principles apply.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant made no challenge to his sentence either at the sentencing hearing or in a post-sentence motion. Accordingly, no discretionary-aspects claim has been preserved for our review, rendering it

frivolous. ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) ("[T]his issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous."). Moreover, we discern no substantial question that sentencing norms were ignored: Appellant received mostly-concurrent, standard-range sentences,[1] aggregating to a lower sentence than was imposed originally.[2] Therefore, we agree with counsel that there are no non-frivolous challenges Appellant is able to raise in this appeal regarding his February 2, 2017 sentence.

In Appellant's next four issues, he seeks to challenge events that took place during the guilt phase of his trial, such as the sufficiency of the evidence and the credibility of the witnesses. ***Anders*** Brief at 11-13. Appellant had the opportunity raise these issues in a direct appeal from his original judgment of sentence, but he chose not to file one. He cannot now, following remand for the limited purpose of correcting an illegal sentence, litigate claims that fall outside the scope of the remand. ***See***

---

[1] Indeed, given Appellant's prior record score of five and offense gravity scores of ten for the aggravated indecent assaults of the pre-teen victims, even the mandatory minimum sentences originally imposed were at the low end of the standard range. N.T., 2/2/2017, at 2.

[2] Because Appellant received a lesser aggregate term of incarceration upon resentencing, our independent review does not reveal any suggestion of judicial vindictiveness regarding his new sentence. ***Cf. Commonwealth v. Serrano***, 727 A.2d 1168, 1170 (Pa. Super. 1999) ("Where a subsequent sentence imposes a greater penalty than previously was imposed, a presumption of vindictiveness attaches.").

***Commonwealth v. McKeever***, 947 A.2d 782, 785–86 (Pa. Super. 2008) (holding that defendant who, after choosing not to complete a direct appeal, had one of several convictions vacated in federal court and the cases remanded for resentencing, was permitted in the direct appeal following resentencing, "to raise issues pertaining only to the re-sentencing procedure itself; his underlying claims of trial error regarding his non-vacated convictions could not be addressed on direct appeal from re-sentencing"); ***Commonwealth v. Anderson***, 801 A.2d 1264, 1266 (Pa. Super. 2002) ("[H]aving been re-sentenced following remand, appellant could not file another direct appeal attacking his conviction: the only issues reviewable in a direct appeal would be challenges to the sentence imposed following remand."); ***Commonwealth v. Harper***, 436 A.2d 1217, 1219–20 (Pa. Super. 1981) (finding failure to file a direct appeal resulted in waiver of claims that could have been raised therein). Therefore, we agree with counsel that raising the waived claims presented in questions B though E in this appeal would be frivolous. ***Kalichak***, 943 A.2d at 291.

Appellant's final claim is that the counties of Mifflin and Franklin somehow conspired to violate Appellant's constitutional rights pursuant to ***U.S. v. Barr***. ***Anders*** Brief at 13. Counsel offered the following analysis of this claim.

> Undersigned counsel cannot, after careful review, discern support from the record to show a conspiracy between any actors in Appellant's trial or proceedings, let alone Franklin and

Mifflin counties. Nor can undersigned counsel discern support from **Barr** to support a claim of relief in Appellant's case on the basis of any such conspiracy. Rather, **Barr** dealt with conspiracy between defendants, who formerly worked for the Justice Department, with regard to possession of cocaine—not conspiracy of the Justice Department itself to enforce an illegal or unconstitutional conviction upon the defendants. **See Barr**, 963 F.2d at 643-644. Instead, the [Third Circuit Court of Appeals] in **Barr** remanded the case for resentencing based upon an extreme deviation from the United States Sentencing Guidelines without notice to the defendant. **Id.** at 656. In Appellant's case, the trial court during resentencing gave [Appellant] the lowest sentencing range he could receive under the guidelines, without deviation, and as such, this issue does not fall under **Barr**, and further, lacks merit for review.

**Id.** at 13-14.

We likewise fail to see the relevance of **Barr** to the instant case or any indication in the record that agents of the two counties in which Appellant assaulted his victims in any way conspired against him.[3] Hence, we agree

---

[3] The only indication that we have found that Appellant raised any conspiracy-type claim in the trial court is a motion that Appellant filed *pro se* in 2013 shortly before his original sentencing hearing. Therein, Appellant contended that: four of his prior attorneys provided ineffective assistance of counsel in not raising the issue that Appellant was never interviewed "by MCPD" to protest his innocence; the Commonwealth violated his speedy trial rights under Pa.R.Crim.P. 600 and his former attorneys caused him to lose his Rule 600 motion by allowing the district attorney "to dictate the situation;" he was tried without being arraigned in the Mifflin County Court of Common Pleas; and the trial judge treated him unfairly by proceeding with an arraignment after granting counsel's motion to withdraw. Motion for Dismissal, 9/3/2013, at 1-2 (pages unnumbered). To the extent that the alleged ineffective assistance of all of his attorneys constitutes the "conspiracy" Appellant wishes to raise, that claim cannot be litigated in a direct appeal. **Commonwealth v. Williams**, 959 A.2d 1252, 1259 (Pa. Super. 2008) ("[C]laims of ineffective assistance of trial counsel may not be raised on direct appeal but, rather, must be litigated on collateral review

*(Footnote Continued Next Page)*

with counsel that raising Appellant's conspiracy claim in this appeal is frivolous.

We have conducted an independent review of all of the issues identified by counsel in his **Anders** brief and agree that none has arguable merit. Further, we have reviewed Appellant's *pro se* response, and determined that it raises no new arguments. Accordingly, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence. **Bennett**, 124 A.3d at 334.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2017

*(Footnote Continued)* ————————

under the [PCRA].")." Appellant waived the remainder of the claims by not pursuing them on a direct appeal from his original sentence. **McKeever**, 947 A.2d at 785–86; **Anderson**, 801 A.2d at 1266.