J-S47013-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK ALAN SHAFFER | : | |
| | : | |
| Appellant | : | No. 1551 WDA 2017 |

Appeal from the Judgment of Sentence September 20, 2017
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000565-2011

BEFORE: OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                              FILED OCTOBER 09, 2018

Appellant, Mark Alan Shaffer, appeals from the judgment of sentence entered on September 20, 2018, following the revocation of his probation. On appeal, Appellant's counsel filed a petition to withdraw as counsel and a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows. On May 5, 2013, Appellant entered a guilty plea to one count of possession with intent to deliver heroin (PWID), 35 P.S. § 780-113(a)(30). The trial court sentenced Appellant to seven years of probation. The trial court revoked Appellant's probation on July 18, 2013 and January 19, 2015 for technical probation violations, including using controlled substances. In both instances, the trial court did not resentence Appellant to a term of

_____
* Retired Senior Judge assigned to the Superior Court.

incarceration. On May 19, 2017, Appellant again admitted to technical violations of his probation including using a controlled substance, obtaining someone else's urine for drug screening, and fleeing from his probation officer on two occasions when the officer was conducting home visits. The trial court ordered Appellant to submit to an evaluation to determine if he qualified for the State Intermediate Program (SIP). Appellant, however, withdrew from SIP before completing an evaluation. At the conclusion of a Gagnon II[1] hearing, the trial court revoked Appellant's probation and sentenced Appellant to a term of incarceration of seven and one-half (7½) to 15 years, with credit for time-served. Arguing that his sentence was excessive, Appellant filed a timely motion for reconsideration of his sentence. The trial court denied relief and this timely appeal resulted.[2]

Before reaching the merits of the appeal, we must first address the propriety of counsel's petition to withdraw and Anders brief. We have previously determined:

> Direct appeal counsel seeking to withdraw under Anders must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an Anders brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

_____

[1] See Gagnon v. Scarpelli, 411 U.S. 778 (1973).

[2] Both the trial court and Appellant complied with Pa.R.A.P. 1925. The trial court issued a Rule 1925(b) opinion on February 1, 2018.

Anders counsel must also provide a copy of the Anders petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with Anders or file an advocate's brief on the appellant's behalf). By contrast, if counsel's petition and brief satisfy Anders, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

Our Supreme Court has clarified portions of the Anders procedure:

> In the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361.

Commonwealth v. Cook, 175 A.3d 345, 348 (Pa. Super. 2017) (some citations omitted).

Upon review, counsel has complied with all of the foregoing requirements pursuant to Anders and Santiago. Thus, we proceed to review the issue set forth in counsel's Anders brief before conducting an independent

review of the record to discern if there are non-frivolous issues overlooked by counsel. Id.

On appeal, counsel for Appellant presents the following issue:

I. Whether the [t]rial [c]ourt committed an abuse of discretion when it revoked Appellant's probation/parole and re-sentenced him to serve a minimum of seven and [one-half] (7½) years to a maximum of fifteen (15) years in a State Correctional Institution given the circumstances of the case.

Anders Brief at 4.

"Initially, we note that, in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." Commonwealth v. Wright, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." Commonwealth v. McNeal, 120 A.3d 313, 322 (Pa. Super. 2015) (citation omitted). An appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision in order to show an abuse of discretion. Commonwealth v. Horning, 2018 WL 3372367, at *6 (July 11, 2018).

Upon revocation of probation,

"the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

(1)    the defendant has been convicted of another crime; or

(2)    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)    such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Moreover, 42 Pa.C.S.A. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where [] the trial judge had the benefit of a [pre-sentence investigation report] during the initial sentencing proceedings.

Commonwealth v. Pasture, 107 A.3d 21, 27–28 (Pa. 2014) (some citations

omitted).

- 5 -

In this case, Appellant asserts that the trial court abused its discretion by imposing an excessive sentence. "Appellant concedes some incarceration was warranted, but not the maximum sentence for [PWID.]" Anders Brief at 9. Appellant claims that although this was his third violation of probation, the current violation was technical and not the result of new criminal charges. Id. Thus, Appellant contends his conduct did not indicate that he was likely to commit another crime or that incarceration was necessary to vindicate the authority of the trial court. Id. at 9-10.

Here, the trial court disclosed its reasons for the imposition of the Appellant's sentence in open court as follows:

> [L]et's start back at the original offense. You had [250] packets of heroin the day this happened. You got a break [with a sentence] that was below the mandatory and below the guidelines to stay in the county jail, with services. You failed at that.
>
> You were sent to the SIP program, so you had the best [services] the state had to offer for the next two years.
>
> We all make mistakes. You had another chance to [t]ake that offer, but you – showing that you don't believe you're an addict, you don't believe it's a problem, no, you're not going to do that.
>
> That's why [the P]robation [Department] has [] recommend[ed a maximum term of imprisonment], which is appropriate. You have not participated. You've r[u]n from probation [into the woods] behind your residence.
>
> You were storing urine in a condom to pass drug screens[. ...A] warrant was issued to have you searched out of the woods.
>
> The sentence and recommendation show that this is to vindicate the authority of the court, officer safety, and the fact that you have not come to grips with your problem and refuse to [do so].

So, therefore, for the protection of society and for the vindication of the court, you personally earned yourself the maximum sentence of no less than seven and a half years nor more than fifteen years in a state correctional institution.

N.T., 9/20/2017, at 4-5.

In its Rule 1925(a) opinion, the trial court further explained:

As the [c]ourt observed, [Appellant] had refused from the outset to acknowledge his addiction, which resulted not only in his illegal possession and ingestion of narcotics, but in varied attempts to escape detention while on supervision. He thus demonstrated a complete lack of regard for the [c]ourt's authority and the laws of this Commonwealth. Whereas a lesser sentence – [Appellant's] prior experience with the SIP program – had proven ineffective and [Appellant] was ineligible to complete the program, therefore, a harsher one was warranted.

Trial Court Opinion, 2/1/2018, at 1.

Based upon our standard of review and our examination of the certified record, we discern no abuse of discretion in resentencing Appellant following the revocation of his probation. Although Appellant committed technical violations of his probation, as the trial court noted, Appellant had multiple opportunities to avail himself of rehabilitation and failed to do so. The trial court also recognized that the original offense involved narcotics sales and that Appellant's subsequent violations of probation all revolved around narcotics. As a result, the trial court concluded, on the record as required, that a maximum term of incarceration was necessary to vindicate its authority. This assessment fell within the discretion of the revocation court. Appellant's refusal or inability to comply with the terms of his probation warranted a

sentence of total confinement. As such, there is no merit to the issue presented in Appellant's Anders brief.

Finally, we have conducted an independent review of the entire record as required by Anders and have not discerned any other non-frivolous issues.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2018