J-S55015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAYVLON DONYA WELLS | : | |
| | : | |
| Appellant | : | No. 876 EDA 2018 |

Appeal from the Judgment of Sentence February 16, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002340-2017

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 05, 2018**

Appellant, Tayvlon Donya Wells, appeals from the judgment of sentence entered on February 16, 2018, following his convictions for robbery and related offenses.  On appeal, Appellant's counsel filed a petition to withdraw as counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

At a bench trial conducted on December 15, 2017, the victim, Emmanuel Foucha, testified that he advertised the sale of a cellular telephone on an internet site known as Facebook Sell.  Appellant responded that he was interested in purchasing the device and the men agreed to meet in person at a nearby store.  Mr. Foucha testified that the two men met, along with another individual who accompanied Appellant.  After discussing features of the

cellular telephone, Mr. Foucha testified that Appellant pulled a gun and stole the cellular telephone along with some cash Mr. Foucha had in his pocket. Despite Appellant's testimony that the transaction proceeded amicably, the court found Appellant guilty of robbery and related offenses and sentenced him to six to 12 years' incarceration followed by six years of probation. This timely appeal followed.

Before reaching the merits of the appeal, we must first address the propriety of counsel's petition to withdraw and *Anders* brief. We previously determined:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on the appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.
>
> Our Supreme Court has clarified portions of the *Anders* procedure:

> In the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

**Commonwealth v. Cook**, 175 A.3d 345, 348 (Pa. Super. 2017) (some citations omitted).

Upon review, counsel has complied with all of the foregoing requirements pursuant to **Anders** and **Santiago** and Appellant has not filed a response. Thus, we proceed to review the issue set forth in counsel's **Anders** brief before conducting an independent review of the record to discern if there are non-frivolous issues overlooked by counsel. **Id.**

On appeal, counsel for Appellant presents the following issue:

I. Whether the evidence was insufficient to convict Appellant of the crimes at issue in this case where the Commonwealth failed to prove beyond a reasonable doubt that any criminal activity occurred during the transaction that [Appellant] engaged in with Mr. Foucha?

**Anders** Brief at 3.

The sole issue raised in counsel's **Anders** brief asserts that, because Appellant and the victim offered divergent testimony at trial, the evidence adduced by the Commonwealth was too weak and inconclusive to support a

conviction. *See Anders* Brief at 7. We agree with counsel that this claim is frivolous.

> Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Newton*, 994 A.2d 1127, 1131 (Pa. Super. 2010), *appeal denied*, 8 A.3d 898 (Pa. 2010).

The testimony given by Mr. Foucha was sufficient to prove each element of the charged offenses beyond a reasonable doubt. More importantly, it was the trial court's responsibility, serving as the factfinder, to assess the credibility of the witnesses and credit all, part, or none of the evidence presented at trial. Since the court was clearly free to accept the version of events offered by Mr. Foucha, and to reject the version of events described by Appellant, the issue raised in this appeal is frivolous. As we find no non-frivolous issues to consider in this appeal, we shall grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/5/18</u>