J-S42007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL CARR | : | |
| | : | |
| Appellant | : | No. 4086 EDA 2017 |

Appeal from the Judgment of Sentence November 30, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004588-2017

BEFORE: OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY OTT, J.: **FILED OCTOBER 30, 2019**

Michael Carr appeals from the judgment of sentence imposed on November 30, 2017, in the Court of Common Pleas of Philadelphia County following his bench trial on the charges of robbery, conspiracy to commit robbery, simple assault, and reckless endangerment. Carr received an aggregate sentence of three to six years' incarceration. In this timely appeal, Carr challenges the sufficiency of the evidence regarding the robbery charge. Carr's counsel has filed an **Anders**[1] brief, asserting there are no non-frivolous issues, as well as a motion to withdraw as counsel. Carr has not responded to the **Anders** brief. After a thorough review of the submissions by the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

parties, relevant law, and the certified record, we grant counsel's motion to withdraw and affirm the judgment of sentence.

As noted, Carr's counsel has filed both an **Anders** brief and a motion to withdraw as counsel. In reviewing this, we are guided by the following principles.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the **Anders** procedure:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

[*Commonwealth v.*] *Santiago*, 978 A.2d [349] at 361 [(Pa. 2009)].

*Commonwealth v. Cook*, 175 A.3d 345, 348 (Pa. Super. 2017). Counsel has complied with the technical requirements of *Anders*/*Santiago*. Accordingly, we will undertake our required independent review of the record to make certain there are no non-frivolous issues.

The trial court provided the factual background of this matter in its Pa.R.A.P. 1925(a) opinion.

On April 13, 2017, the complaining witness[,] Paul Livingston, an elderly man who is extremely hard of hearing, was on a smoke break with several other residents, including [Carr], outside the halfway house where they resided. While outside, another resident asked Livingston "for change" for a $20 bill, which Livingston agreed and took out his wallet. Livingston testified that he is one of the older residents of the halfway house who looks out for the younger residents. While pulling out money to make change, Livingston accidentally dropped $865 in U.S[.] currency onto the stairs. While Livingston was picking up his money, he noticed [Carr] sitting on the stairs smoking his cigarette, just a few feet from Livingston.

After the smoke break, Livingston finished his dinner and returned to his room upstairs, where he was followed by [Carr] and Mr. Shawn Hammond. Mr. Livingston testified at trial that he was unaware that [Carr] and Mr. Hammond were behind him, due to the fact that Mr. Livingston is extremely hard of hearing. Shortly after entering the room, Livingston was struck twice from behind, choked, and placed in a headlock with such force that he was pulled off the ground and lost consciousness for "15-20 seconds". After regaining consciousness, Livingston saw a hooded person come towards him and begin reaching into Mr. Livingston's pocket,

taking a few dollar bills. Mr. Livingston reached towards the individual and managed to pull off the hood, revealing [Carr], who Mr. Livingston recognized as his neighbor from across the hall for the past six months. After being unmasked, [Carr] stopped what he was doing and immediately left the room, with Mr. Hammond following behind him. Mr. Livingston testified that [Carr] took "three or four dollars" and that his previous injuries in his back and neck area had been severely aggravated from the attack. The prosecutor then introduced a surveillance video that showed Livingston walking up to his bedroom and [Carr] and Mr. Hammond following behind.

Trial Court Opinion, 3/22/2019, at 2-3.

Against this background, Carr asserts there was insufficient evidence to sustain his conviction for robbery, because the Commonwealth failed to prove he "inflicted bodily injury on another or threatened another with or intentionally put him in fear of immediate bodily injury." Carr's Pa.R.A.P. 1925(b) Statement at 1-2.

The evidence presented at trial, and related by the trial court in its opinion, demonstrates Carr conspired with Hammond to commit a robbery against Livingston. During the course of that crime, Hammond struck Livingston twice from behind, choked him until he passed out, and exacerbated Livingston's pre-existing neck and back injuries, including herniated discs. Hammond inflicted bodily injury upon Livingston. Even accepting that Carr never touched Livingston beyond reaching into his pocket to try to take the cash, Carr is equally culpable for the infliction of bodily injury due to his conspiracy with Hammond. The trial court, sitting as fact finder, accepted Livingston's testimony regarding his injuries. Therefore, there was sufficient evidence to support the robbery conviction.

Carr's brief claims insufficient evidence as to all charges. However, insufficiency was raised in his Pa.R.A.P. 1925(b) statement only as to robbery, as discussed above. Accordingly, insufficiency of the evidence has been waived as to everything except robbery. Nonetheless, because this is an *Anders* review, we have independently examined the record as a whole, including a review of the sufficiency of the evidence for all charges. This independent review confirms the sufficiency of evidence to support all charges. Additionally, our independent review of the record confirmed counsel's assertion there are no other non-frivolous claims.

Judgment of sentence affirmed. Motion to withdraw as counsel granted.

Judge Colins joins in this memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/19