J-S56025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR VELQUEZ | : | |
| | : | |
| Appellant | : | No. 3508 EDA 2018 |

Appeal from the Judgment of Sentence Entered December 3, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000105-2018

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                     **FILED DECEMBER 03, 2019**

Appellant, Victor Velquez, appeals from the judgment of sentence entered on December 3, 2018, following his jury trial conviction of persons not to possess a firearm.[1]  On appeal, Appellant's counsel filed a petition to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows.  On October 12, 2017, Philadelphia Police Officer Sharrod Davis observed Appellant snort the contents of a blue, glassine package from his hand.  Believing the substance to be narcotics, Officer Sharrod exited his

---

[1]  18 Pa.C.S.A. § 6105.

police vehicle, walked behind Appellant, and identified himself to Appellant as a police officer. Appellant turned to face Officer Davis and began removing a black jacket from his person. Officer Davis grabbed Appellant, before Appellant could remove the jacket, and tackled him to the ground. As Appellant was falling to the ground, Officer Davis heard a "metal thud sound." When he felt the outside of Appellant's jacket, Officer Davis felt what he believed was a firearm. Officer Davis recovered a firearm from the jacket pocket, Appellant could not produce a license for the firearm, and Officer Davis arrested him. N.T., 9/17/2018, at 5-18. The firearm was operable and loaded with seven rounds of ammunition. N.T., 9/19/2018, at 12-17. From the scene, Officer Davis recovered the blue glassine package he observed in Appellant's possession. *Id.*

Prior to trial, Appellant filed a motion to suppress the physical evidence recovered by police. The trial court held a hearing on September 17, 2018 and, at its conclusion, denied Appellant relief. The case proceeded to a jury trial on September 19, 2018. The Commonwealth called Officer Davis to testify. He testified similarly to his previous testimony at the suppression hearing. Appellant called a private investigator and Officer Amir Watson, Officer Davis' partner, to testify. The parties also stipulated that the recovered blue, glassine packet tested positive for heroin and that Appellant had a prior conviction rendering him ineligible to possess a firearm. *Id.* at 53-54. On September 20, 2018, the jury convicted Appellant of the aforementioned

offense. On December 3, 2018, the trial court sentenced Appellant to 10 to 20 years of imprisonment. This timely appeal resulted.[2]

Before reaching the merits of the appeal, we must first address the propriety of counsel's petition to withdraw and **Anders** brief. We have previously determined:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on the appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues,

---

[2] Appellant filed a counseled notice of appeal on December 7, 2018. On December 17, 2018, trial counsel petitioned the trial court to withdraw from representation. On December 20, 2018, the trial court permitted trial counsel to withdraw and appointed new counsel to represent Appellant on appeal. On December 27, 2018, the trial court directed Appellant's current appellate counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. On April 10, 2019, after requesting and receiving extensions to do so, Appellant's appellate counsel filed a timely Rule 1925(c)(4) statement, indicating that he was filing an appellate brief pursuant to **Anders**. On April 16, 2019, the trial court notified this Court that it was transmitting the case without an opinion.

we will deny the petition and remand for the filing of an advocate's brief.

Our Supreme Court has clarified portions of the **Anders** procedure:

> In the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

**Commonwealth v. Cook**, 175 A.3d 345, 348 (Pa. Super. 2017) (some citations omitted).

Upon review, counsel has complied with all of the foregoing requirements pursuant to **Anders** and **Santiago**. Appellant has not responded. Thus, we proceed to review the issues set forth in counsel's **Anders** brief before conducting an independent review of the record to discern if there are non-frivolous issues overlooked by counsel. **Id.**

On appeal, counsel for Appellant presents the following issues:

A. The trial court committed an abuse of discretion by denying Appellant's motion to suppress physical evidence because the police lacked probable cause to conduct either a custodial or investigative detention.

B. The trial court committed an abuse of discretion by denying Appellant's motion for a mistrial predicated on a reference to prior warrants issued for Appellant.

***Anders*** Brief at 11 and 19 (complete capitalization omitted).

In the first issue presented in the ***Anders*** brief, Appellant contends that the police lacked reasonable suspicion to conduct an investigative or custodial detention and, therefore, the trial court abused its discretion by denying suppression of the physical evidence recovered thereafter by the police. ***Anders*** Brief at 11-19.

It is well-settled that:

[o]ur standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.

We may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

Moreover, it is within the [trial] court's province to pass on the credibility of witnesses and determine the weight to be given to their testimony.

\* \* \*

The Fourth Amendment of the Federal Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures. To secure the right of citizens to be free from such unreasonable intrusions, courts in Pennsylvania require law enforcement officers to demonstrate ascending levels of suspicion to justify their interactions with citizens as those interactions become more intrusive. We have long recognized that there are three levels of intrusion involved in interactions between members of the public and the police. The first is a mere encounter, which requires no level of suspicion at all.

The second level is an investigative detention, which must be supported by reasonable suspicion. Finally, the third level is an arrest or custodial detention, which must be supported by probable cause.

\*         \*         \*

The determination of whether an officer had reasonable suspicion that criminality was afoot so as to justify an investigatory detention is an objective one, which must be considered in light of the totality of the circumstances.[3] It is the duty of the suppression court to independently evaluate whether, under the particular facts of a case, an objectively reasonable police officer would have reasonably suspected criminal activity was afoot.

***Commonwealth v. Soto***, 202 A.3d 80, 90 (Pa. Super. 2018) (internal citations and quotations omitted).

Here, Officer Davis, a Philadelphia police officer with fifteen years of experience and narcotics interdiction training, witnessed Appellant, who was five feet away, "holding a blue glassine package commonly known to package heroin." N.T., 9/17/2018, at 7. Officer Davis saw Appellant "[e]mptying the contents onto his hand and snorting the contents[.]" ***Id.*** at 9. Officer Davis had personally witnessed others using heroin before. ***Id.*** As such, he "believed that [Appellant] was in possession of the illegal substance of heroin." ***Id.***

Based upon the foregoing, the trial court properly determined that Officer Davis had reasonable suspicion to suspect that criminal activity was afoot. Officer Davis, a seasoned narcotics officer, personally witnessed

---

[3] A police officer is entitled to draw from the facts in light of his experience. ***Commonwealth v. Young***, 904 A.2d 947, 957 (Pa. Super. 2006) (internal citations and quotation marks omitted).

Appellant ingesting heroin within close proximity. Thus, the record supports the trial court's decision not to suppress evidence obtained as a result of a proper investigative detention. As such, Appellant's current challenge is frivolous.

In the second issue presented in the **Anders** brief, Appellant asserts that the trial court erred by failing to declare a mistrial after Officer Davis testified that there were outstanding arrest warrants issued for Appellant's unrelated criminal conduct. **Anders** Brief at 19-23.

We adhere to the following standards:

In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, ... assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion. Judicial discretion requires action in conformity with [the] law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

**Commonwealth v. Jaynes**, 135 A.3d 606, 615 (Pa. Super. 2016) (internal citations and quotations omitted).

Pennsylvania Rule of Criminal Procedure 605(B) provides:

> When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; **the motion shall be made when the event is disclosed.** Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity.

Pa.R.Crim.P. 605(B) (emphasis added). The failure to make a timely motion for a mistrial will result in waiver of the issue. *See Commonwealth v. Tucker*, 143 A.3d 955, 961 (Pa. Super. 2016). "This Court has previously held that the failure to object to testimony at the time it was given precluded a subsequent motion for mistrial lodged only after the witness was excused and the court took a recess." *Id.*, *citing Wilkerson v. Allied Van Lines, Inc.*, 521 A.2d 25, 30 (Pa. Super. 1987) ("Appellee failed to object to Simpson's reference to insurance when it was uttered, but rather waited until after Simpson had completed his testimony on direct, cross, redirect and recross. This was too late."); *see also Commonwealth v. Boring*, 684 A.2d 561, 568 (Pa. Super. 1996) (deeming motion for mistrial made subsequent to sustained objection untimely when deferred until conclusion of witness testimony a considerable length of time after prejudicial remark occurred); *Commonwealth v. Smith*, 410 A.2d 787, 790–791 (Pa. 1980) (request for mistrial because of witness's reference to polygraph test untimely when made approximately two or three minutes after the allegedly prejudicial statement).

In this case, Officer Davis testified that Appellant initially told Officer Davis that his name was "Jose Pirela." N.T., 10/19/2018, at 13. However, Officer Davis was unable to find that name in the police computer databank. *Id.* Officer Davis "finally [] was able to ascertain his name" and when he

cross-checked Appellant's name in the police computer system, information "came back that the male had some warrants." *Id.* Appellant objected to the testimony and the trial court sustained Appellant's objection. *Id.* However, it was not until the conclusion of the Commonwealth's case-in-chief that defense counsel requested a mistrial based upon Officer Davis' testimony regarding prior warrant history. *Id.* at 56-57. We find Appellant's request was untimely and, accordingly, it was waived.

Regardless, the "extreme remedy" of a mistrial is only appropriate when an incident "is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." *Commonwealth v. Powell*, 956 A.2d 406, 421 (Pa. 2008) (citation omitted). Our Supreme Court has determined:

> The harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial.
>
> * * *
>
> Harmless error exists if the record demonstrates either: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Hairston*, 84 A.3d 657, 671–672 (Pa. 2014). In reviewing the trial court's denial of a mistrial, we consider the nature of the

reference and whether or not the Commonwealth intentionally elicited the testimony. **Powell**, 956 A.2d at 421 (citation omitted).

In this case, the reference to outstanding arrest warrants for Appellant was unsolicited, Appellant immediately objected, and the trial court promptly sustained the objection. Moreover, we find the fleeting reference was harmless. The evidence of Appellant's guilt was so overwhelming that the error could not have contributed to the verdict. Additionally, we note that the parties stipulated that Appellant "ha[d] been convicted of a felony in the past that prohibits him from possession of a firearm." N.T., 9/19/2019, at 54. The trial court, thereafter, gave an instruction that the jury "must not regard this evidence as showing that [Appellant] is a person of bad character or criminal tendencies from which you may infer guilt." **Id.** at 55. As such, the erroneously admitted evidence of outstanding arrest warrants pending against Appellant was merely cumulative of other untainted evidence that he had previously been convicted of a felony. Hence, while Appellant waived his request for a mistrial, his request was otherwise without merit. Accordingly, Appellant is not entitled to relief on his second issue presented.

Finally, we have conducted an independent review of the entire record as required by **Anders** and have not discerned any other non-frivolous issues.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/3/19</u>