J-S16019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MALCOLM DEMAR CARTER :
:
Appellant : No. 1630 MDA 2024

Appeal from the Judgment of Sentence Entered August 22, 2024
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000081-2023

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                          **FILED MAY 23, 2025**

Malcolm Demar Carter appeals from the judgment of sentence of eight months to three years of incarceration.  In this Court, Jasmin Smith, Esquire, has filed an application to withdraw as Appellant's counsel and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's application to withdraw.

Appellant was charged with twelve offenses based upon an alleged conspiracy with an unidentified co-conspirator to rob the victim's home while Appellant engaged in consensual sex with the victim, who met Appellant online.  Ultimately, Appellant pled guilty to one count of theft by unlawful taking and the Commonwealth withdrew the other charges.  Appellant raised no objection to the voluntariness or validity of his plea during the plea hearing.

He was sentenced as indicated above on August 22, 2024, and stated no challenge to his plea or request to withdraw it at the sentencing hearing. Nor did his post-sentence motion to modify his sentence attack the validity of his plea.[1]

This timely appeal followed the court's denial of the post-sentence motion. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant complied, indicating an intention to contest that his plea was knowing, intelligent, and voluntary. The court thereafter authored a Pa.R.A.P. 1925(a) opinion suggesting, *inter alia*, that Appellant waived his claim by failing to raise it prior to appeal. **See** Trial Court Opinion, 12/23/24, at 2-3 (pagination supplied).

As noted, counsel filed in this Court both an **Anders** brief and a petition seeking leave to withdraw as counsel. Consequently, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the

---

[1] Appellant's post-sentence motion was timely filed on September 3, 2024, as the tenth day after he was sentenced was Sunday, September 1, and the court was closed the following day for Labor Day. **See** 1 Pa.C.S. § 1908.

right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Cook*, 175 A.3d 345, 348 (Pa.Super. 2017) (cleaned up).

Our Supreme Court has further detailed counsel's duties as follows:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Upon examination of counsel's motion to withdraw and **Anders** brief, we conclude that counsel has complied with the technical requirements set forth above.[2] As required by *Santiago*, counsel set forth a history of the case, referred to an issue that arguably supports the appeal, stated her conclusion

---

[2] Appellant did not file a response to counsel's petition.

that the appeal is frivolous, and cited case law. *See Anders* brief at 6-13. Therefore, we proceed to an independent review.

The sole issue arguably supporting an appeal cited by Attorney Smith is whether Appellant's plea was voluntary. *See Anders* brief at 5. It is well-settled that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea[.]" *Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa.Super. 2013) (citing Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i)). "Failure to employ either measure results in waiver." *Id*. at 610.

As detailed above, Appellant failed to timely challenge the voluntariness of his plea in the trial court. Hence, the issue is waived. *See*, *e.g.*, *Commonwealth v. Moore*, 307 A.3d 95, 99–100 (Pa.Super. 2023) (holding challenge to plea was waived because the appellant did not timely seek to withdraw it in the trial court). Thus, counsel correctly concluded that pursuing the claim in this appeal would be frivolous.[3] *See*, *e.g.*, *Cook*, 175 A.3d at 350 (providing that raising waived issues on appeal would be frivolous).

Additionally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues

---

[3] Counsel's conclusion was not based on waiver, but upon a substantive examination of the plea colloquy. *See Anders* brief at 9-12. However, since the claim was not preserved for review, we reject it without considering its merits.

that counsel failed to address.[4]  ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).  Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Petition of Jasmin Smith, Esquire, to withdraw as counsel granted. Judgment of sentence affirmed.


Judgment Entered.


_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/23/2025

---

[4] We have conducted our independent review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014).