J-S63035-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
                                     :
             v.                          :
                                     :
                                     :
KEVIN ARTHUR RODGERS        :
                                     :
           Appellant            :      No. 604 WDA 2018

Appeal from the Judgment of Sentence March 16, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000531-2013

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:             FILED NOVEMBER 20, 2018

Appellant, Kevin Arthur Rodgers, appeals from the judgment of sentence of six to 23 months' incarceration entered by the Court of Common Pleas of Erie County following the revocation of Appellant's probation. Appellant raises a challenge to the discretionary aspects of his revocation sentence, which he says is manifestly excessive. Counsel has filed a petition to withdraw from representation and a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (2009). We grant counsel's petition to withdraw and affirm.

On July 29, 2013, Appellant entered a guilty plea to one count of Retail Theft, 18 Pa.C.S.A § 3929(a)(1) and was sentenced to serve three years' probation. On January 29, 2018, the Office of Adult Probation detained Appellant for allegedly violating conditions of his continuing supervision, which included the requirements that he obtain prior approval before moving from

_____
*   Former Justice specially assigned to the Superior Court.

his approved residence, complete mental health treatment and retail theft classes, and report to Adult Probation as directed. At the time of Appellant's detainment, he had not reported to Adult Probation in over four years.

Appellant's revocation hearing took place on March 1, 2018. Represented by counsel, Appellant admitted to all allegations against him. N.T. 3/1/18 at 9-10, 12, and asked for leniency as this was his first revocation. N.T. at 13. The court responded, "Of course it's his first revocation, he hasn't been here for four years. . . . How could we have revoked him before today when he's been absent for four years." Id. At the conclusion of argument, the court reasoned:

> THE COURT: The fact that controls everything here is the [Appellant] fled shortly after being released and was gone for four years and that requires a response from the court. So I'm going to revoke his three years of probation and impose a sentence, a county sentence of 6 months to 23 months. I'm going to give him credit for when he was detained on January 29th on the 6 month sentence. I expect him to serve all those 6 months. He's not eligible for work release and he won't be paroled early. He'll do all of those 6 months and then we can get a parole plan in place and see what happens.

N.T. at 14-15.

Appellant filed a post-sentence motions challenging, inter alia, the discretionary aspects of his revocation sentence. The court denied Appellant's motions on March 14, 2018. After the court reinstated Appellant's direct appeal rights, Appellant filed the present appeal.

The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. C.R. #26. Appellant's

counsel filed a statement of intent to file an Anders brief in lieu of a concise statement. C.R. # 27. See Pa.R.A.P. 1925(c)(4). The trial court issued a one-paragraph Order finding that counsel's intent to proceed under Anders obviated the need for a court opinion.

On appeal, counsel has filed an Anders brief and attached his petition to withdraw, to which Appellant has not responded.

Before reaching the merits of the appeal, we must first address the propriety of counsel's petition to withdraw and Anders brief. We previously determined:

> Direct appeal counsel seeking to withdraw under Anders must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an Anders brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

> Anders counsel must also provide a copy of the Anders petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with Anders or file an advocate's brief on the appellant's behalf). By contrast, if counsel's petition and brief satisfy Anders, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

> Our Supreme Court has clarified portions of the Anders procedure:

> In the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361.

Commonwealth v. Cook, 175 A.3d 345, 348 (Pa. Super. 2017) (some citations omitted).

Here, counsel's petition to withdraw states he reviewed the record and concluded the present appeal contains no non-frivolous issues. Counsel also notified Appellant that he was seeking permission to withdraw, furnished Appellant with copies of the petition and brief, and advised him of his right to retain new counsel or proceed pro se. Counsel's petition and brief, therefore, are compliant with the procedural and technical requirements of Anders and Santiago.

Thus, we proceed to review the issue set forth in counsel's Anders brief before conducting an independent review of the proceedings pursuant to Anders to discern if there are non-frivolous issues overlooked by counsel. Commonwealth v. Dempster, 187 A.3d 266 (Pa.Super. 2018) (en banc).

The Anders brief sets forth one issue, namely, that the revocation court imposed a sentence that is manifestly excessive and inconsistent with the

objectives of the Pennsylvania Sentencing Guidelines. Our scope of review following the revocation of a probationary sentence is limited to determining the validity of the revocation proceedings, the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing, and the discretionary aspects of sentencing. See Commonwealth v. Wright, 116 A.3d 133, 136 (Pa.Super. 2015). See also Commonwealth v. Cartrette, 83 A.3d 1030 (Pa.Super. 2013) (en banc).

In considering a challenge to the discretionary aspects of sentence, this Court has stated:

> A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Bynum-Hamilton, 135 A.3d 179, 184 (Pa.Super. 2008) (some citations omitted). Where counsel files an Anders brief, we may overlook the lack of a Rule 2119(f) statement. Id

Upon revocation of probation,

> "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the

probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Moreover, 42 Pa.C.S.A. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where [ ] the trial judge had the benefit of a [pre-sentence investigation report] during the initial sentencing proceedings.

Commonwealth v. Pasture, 107 A.3d 21, 27–28 (Pa. 2014) (some citations omitted).

In this case, Appellant asserts the trial court abused its discretion by imposing an excessive sentence. When Appellant appeared before the court, he maintains, he explained he absconded from Adult Probation because he

thought staying in Erie "was not a good environment for him . . . he would obtain more charges and would get in more trouble...." N.T. at 11. He informed the court that he moved to Kansas and remained law abiding for the time period in question. He returned to Erie County because Children and Youth Services had opened a case regarding his children, and it was then that Adult Probation detained him on a warrant. N.T. at 12.

Appellant claimed he was going to turn himself in at that time, but the court dismissed this statement as conveniently self-serving and incredible, as the length of his absence "screams to the contrary." N.T. at 12-13. "The fact that controls everything here is [Appellant] fled shortly after being released and was gone for four years and that requires a response from the court[,]" the court reasoned. N.T. at 14-15.

After discussing Appellant's prior record score and underlying offenses, the court imposed a county sentence of six to 23 months. "He'll do all of those six months and then we can get a parole plan in place and see what happens[,]" the court concluded.

Based upon our standard of review and our examination of the certified record, we discern no abuse of discretion in resentencing Appellant following the revocation of his probation. Appellant admitted to absconding from Adult Probation's supervision at the outset of his three-year probationary period because he felt it was in his best interest, and he failed to report his whereabouts for four years. When he returned to Erie to attend a Child

Protective Services hearing involving his children, he did not report to Adult Probation but was, instead, apprehended on a detainer.

As a result, the trial court concluded, a term of incarceration was necessary to vindicate its authority. This assessment fell within the discretion of the court, as Appellant's complete rejection of the terms of his probation warranted a sentence of total confinement. As such, there is no merit to the issue presented in Appellant's Anders brief.

Finally, we have conducted an independent review of the record consistent with Dempster and have not discerned any other non-frivolous issues.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/20/2018