J-A15011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CESAR A. NOLASCO | : | |
| | : | |
| Appellant | : | No. 1512 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 1, 2021
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000824-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CESAR A. NOLASCO | : | |
| | : | |
| Appellant | : | No. 1513 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 1, 2021
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000164-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CESAR AGUSTO NOLASCO | : | |
| | : | |
| Appellant | : | No. 1514 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 1, 2021
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000082-2021

J-A15011-22

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: JUNE 22, 2022**

Cesar Agusto Nolasco appeals from the aggregate judgment of sentence of four and one-half to fifteen years of incarceration imposed after he pled guilty to possession of an altered firearm, aggravated assault, and simple assault in the above-captioned cases.[1]  In this Court, Matthew C. Parson, Esquire, has filed an application to withdraw as Appellant's counsel and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's application to withdraw.

The trial court offered the following summary of the history of these cases:

> Docket numbers 82 Criminal 2021 and 164 Criminal 2021 concern an incident occurring on December 11, 2020.  Appellant engaged in a high-speed chase on Interstate 79 near Findley Township, Mercer County, Pennsylvania which ended when Appellant struck a tractor trailer before travelling off the roadway into a ditch and crashing.  Appellant was taken into custody.  During a search of the vehicle, an RG Industries Model 31 Revolver was located inside the vehicle on the passenger side floor.  The firearm's serial number was scratched off, making the serial number unidentifiable.  Appellant advised police the gun was his.  Appellant was taken to Grove City Medical Center for treatment.  During Appellant's treatment, he became agitated and kicked a

---

[1] As a notice of appeal was docketed in each of the three cases, resulting in separate appeals which this Court consolidated *sua sponte*, we conclude that Appellant complied with the obligations of Pa.R.A.P. 341 and **Commonwealth v. Walker**, (holding that the Official Note to Rule 341 requires "that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed" at each docket).

- 2 -

nurse in the face. Appellant was later cleared by medical personnel and taken to Mercer County Jail.

Docket number 824 Criminal 2021 concerns an incident which occurred during Appellant's incarceration at the Mercer County Jail, pending charges from the previous incident. On May 28, 2021, Appellant was leaning into another inmate's cell to argue with the other inmate. Appellant positioned himself to the left side of the door after several seconds. The other inmate eventually exited his cell with Appellant travelling behind him. Appellant struck the other inmate with a closed fist seven to eight times on the right side of the inmate's face. As Appellant was being handcuffed, he admitted to the assault. Appellant was then taken to a restrictive housing unit.

Appellant pled guilty on September 23, 2021 and was sentenced on December 1, 2021. Appellant did not file a post sentence motion. On December 20, 2021, Appellant filed a notice of appeal. This court issued an order on December 21, 2021, instructing Appellant to file a concise statement of errors complained of on appeal within 21 days of the date of the order. On January 20, 2022, Appellant filed his [untimely] concise statement of errors complained of on appeal.

Trial Court Opinion, 2/11/22, at 1-3 (unnecessary capitalization omitted).[2]

---

[2] The trial court opined that Appellant waived all appellate issues by failing to timely comply with its Pa.R.A.P. 1925(b) order. *See* Trial Court Opinion, 2/11/22, at 4. However, this omission amounts to *per se* ineffective assistance of counsel, which calls for a remand rather than waiver. *See* Pa.R.A.P. 1925(c)(3) (providing that remand, rather than waiver, follows from *per se* ineffectiveness of counsel in failing to timely comply with a Rule 1925(b) order). Since the trial court nonetheless addressed the issue raised in the untimely statement in its opinion, we need not remand, but may proceed to address the appeal. *See Commonwealth v. Thompson*, 39 A.3d 335, 340 (Pa.Super. 2012) ("When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented.").

As noted, counsel filed in this Court both an **Anders** brief and a petition seeking leave to withdraw as counsel. Consequently, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Cook**, 175 A.3d 345, 348 (Pa.Super. 2017) (cleaned up).

Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has minimally complied with the technical requirements set forth above.[3] As required by *Santiago*, counsel set forth a brief history of the case, referred to an issue that arguably supports the appeal, stated his conclusion that the appeal is frivolous, and cited case law. *See Anders* brief at 6-8. Therefore, we now go on "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, *supra* at 354 n.5).

The sole issue arguably supporting an appeal cited by Appellant's counsel is whether the trial court "erred as a matter of law or abused its discretion in issuing an excessive sentence." *Anders* brief at 5. In reviewing the question, we bear in mind the following:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect [pursuant to] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

---

[3] Appellant did not file a response to counsel's petition.

> sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Lucky*, 229 A.3d 657, 663–64 (Pa.Super. 2020) (cleaned up).

Here, Appellant timely filed a notice of appeal but, as noted by the trial court, he did not preserve the issue by raising it at the sentencing proceeding or filing a motion to modify sentence. **See** Trial Court Opinion, 2/11/22, at 3. On this basis, we agree with counsel that a challenge to the discretionary aspects of Appellant's sentence is frivolous. **See Commonwealth v. Tukhi**, 149 A.3d 881, 888 (Pa.Super. 2016) ("Appellant did not raise the issue at his sentencing hearing, nor did he file a motion to modify the sentence imposed. Therefore, he has waived this issue for failing to preserve it. An issue that is waived is frivolous.").

Additionally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues that counsel failed to address.[4] **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[4] We have conducted our independent review cognizant of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014).

Application of Matthew C. Parson, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  06/22/2022