J-A07014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANTONIO RUIZ | : | |
| | : | |
| Appellant | : | No. 1182 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 27, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003918-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANTONIO RUIZ | : | |
| | : | |
| Appellant | : | No. 1213 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 27, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003416-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANTONIO RUIZ | : | |
| | : | |
| Appellant | : | No. 1214 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 27, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000993-2019

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    **FILED: APRIL 11, 2025**

Michael Antonio Ruiz appeals from the judgment of sentence of seven to twenty years of incarceration imposed after he entered negotiated guilty pleas to various offenses in the three unrelated cases captioned above. Before this Court, Douglas J. Waltman, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).[1] We grant counsel's petitions to withdraw and affirm Appellant's judgment of sentence.

The facts that led to each of the three matters are as follows. At docket CP-06-CR-0003416-2017 ("2017 case"), Appellant was driving under the influence ("DUI") of a controlled substance with a suspended license. He was involved in a motor vehicle accident and absconded from the police upon their arrival. When officers found him, Appellant resisted arrest and had to be tased. At docket CP-06-CR-0000993-2019 ("2019 case"), an officer conducted a traffic stop of Appellant's vehicle and discovered that he was driving under the influence of PCP with a suspended license. During a search incident to arrest, the officer found 113 grams of methamphetamine. At docket CP-06-CR-0003918-2021 ("2021 case"), Appellant crashed his vehicle,

---

[1] Attorney Waltman filed an *Anders* brief and petition to withdraw at each docket. This Court *sua sponte* consolidated the appeals. As the briefs and petitions filed in each docket are identical, for ease of discussion, we cite only the *Anders* brief and petition to withdraw filed at 1182 MDA 2024.

blocking an intersection, and fled the scene. The inventory search performed in anticipation of towing the car revealed 5.26 grams of heroin, 52.01 grams of methamphetamine, and 16.87 grams of fentanyl.

Pursuant to the above-listed facts, in exchange for dropping any remaining charges, Appellant entered into the following negotiated guilty pleas. In the 2017 case, Appellant pled guilty to DUI, resisting arrest, and driving with a suspended license for a sentence of one to five years of incarceration. For the 2019 case, Appellant pled guilty to possession with intent to deliver ("PWID") methamphetamine, DUI, and driving with a suspended license in return for a sentence of seven to fifteen years in prison. In the 2021 case, Appellant pled guilty to PWID heroin, methamphetamine, and fentanyl to serve seven to twenty years of incarceration. All sentences were to run concurrently.

At the plea hearing, the court conducted an oral colloquy, affirming that Appellant understood the nature and consequences of entering his plea and his sentencing exposure. The court also confirmed that Appellant executed a written plea agreement. After this discussion, the court concluded that Appellant's "pleas [were] knowing, intelligent, and voluntary." N.T. Plea and Sentencing, 10/27/22, at 10. The court then reviewed the sentencing guidelines, and the following exchange occurred:

> [PLEA COUNSEL]:      Judge, we're in agreement with the recommendations. I should say before sentencing, [Appellant] was hoping, was expecting to be [eligible for the Recidivism Risk Reduction Incentive ("RRRI") program]. Now, apparently, over

- 3 -

the 100-gram [of methamphetamine] threshold makes him ineligible. He's not accepting that. He's going to want me to go look into that further and possibly file something with the [c]ourt, if that's wrong. But as of right now that's how we're looking at it. But he wanted something on the record to that effect.

THE COURT:     All right. Do you have anything to add to that or to clarify?

[THE COMMONWEALTH]:     No. I just, under the statute, if it's a Schedule II controlled substance, which methamphetamine is, then it makes a person – it makes them ineligible for RRRI if it's over a hundred grams, and in this case it was 113 grams. I will certainly double check that but that's my belief.

THE COURT:     But, otherwise, you're fully understanding and agreeing to the terms of the other – on all three of these docket numbers of all the terms and conditions of these orders, correct?

[APPELLANT]:     I was just under the impression that I was RRRI eligible.

        . . . .

THE COURT:     . . . . I mean, other than that?

[APPELLANT]:     Other than that, everything is all right.

THE COURT:     Okay. Would you like to say anything otherwise?

[PLEA COUNSEL]:     I simply ask the [c]ourt to accept the plea as tendered. It's been a long time coming and just finally going to resolve this.

        . . . .

[APPELLANT]:     . . . I had a drug problem and I was just trying to get help with it. So I was hoping I could get RRRI, anything to help with my drug problem. That's about it.

*Id*. at 12-13. The court then accepted the negotiated guilty pleas "[i]n accordance with the guidelines as presented and the terms and conditions of

- 4 -

the agreement on these three docket numbers and the comments of counsel and [Appellant.]" *Id*. at 14. The matter proceeded to sentencing, where the court determined Appellant was not eligible for RRRI by statute, and imposed the negotiated sentence. *Id*. at 13-19.

After Appellant's post-sentence rights were reinstated through the grant of a Post Conviction Relief Act ("PCRA") petition, he filed a motion requesting to withdraw his plea. Appellant explained that "[he] and his guilty plea counsel had plainly been expecting that [he] would be RRRI eligible, but they were informed, correctly, that he was not [and] the negotiated guilty plea and sentence then proceeded to its conclusion." Post-Sentence Motion, 4/8/24, at ¶ 3. Appellant argued that because plea counsel was "uninformed" regarding his eligibility for the RRRI program, "plea counsel caused [Appellant] to change his plea to guilty in a manner that was less than knowing, intelligent and voluntary." *Id*. ¶ 4.

At the post-sentence hearing, Appellant explained that he was "under the impression that [he] was going to get [RRRI] with the sentencing which [he] was told and [his] lawyer found out the exact same date that [he] didn't qualify." N.T. Post-Sentence Motion, 5/21/24, at 8. The Commonwealth then confirmed with Appellant that, after he was informed of his ineligibility, "[he] still proceeded to sentencing despite that" learned fact. *Id*. Appellant responded affirmatively. *Id*. After the hearing, the court, "having determined

that [Appellant] entered his guilty plea knowingly, intelligently, and voluntarily," denied the motion. Order, 8/1/24.

These timely appeals followed. In lieu of court-ordered Pa.R.A.P. 1925(b) statements, counsel authored a filing pursuant to Rule 1925(c)(4) indicating his intent to withdraw. The court issued a single Rule 1925(a) opinion concluding that Appellant's appeals had no merit.

As mentioned, counsel filed **Anders** briefs and petitions to withdraw. Thus, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (cleaned up).

Our Supreme Court has further required the following:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of Attorney Waltman's applications to withdraw and **Anders** briefs, we conclude that he has complied with the requirements set forth above. Counsel recited the history of these matters, analyzed Appellant's claim that his all-encompassing plea was not knowing, intelligent, or voluntary, concluded that the appeals are frivolous, and cited a case in support. **See Anders** brief at 1-6. Attorney Waltman also provided Appellant with the **Anders** briefs and advised him of his right to continue *pro se* or hire new counsel. **See** Application to Withdraw, Attachment.

Hence, we proceed to "'make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting **Santiago**, 978 A.2d at 354 n.5). However, "when an appellant, either acting *pro se* or through private counsel, files a response to the **Anders** brief, our independent review is limited to those issues raised in the **Anders** brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief." **Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015) (cleaned

- 7 -

up). Here, Appellant has filed a *pro se* response to Attorney Waltman's letter, alleging that his claim was not frivolous and that plea counsel was ineffective. *See generally* Response to *Anders* brief, 11/18/24. We therefore limit our review to the *Anders* brief and the *pro se* filing. *See Commonwealth v. Cook*, 175 A.3d 345, 348 (Pa.Super. 2017) (confining review to counsel's *Anders* brief and the appellant's *pro se* filing where the appellant submits a response to the *Anders* brief).

Counsel addresses one issue that could arguably support an appeal. Namely, he examines whether the trial court abused its discretion in denying Appellant's post-sentence motion to withdraw his negotiated guilty plea. "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa.Super. 2017) (citation omitted). Further,

> a defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.
>
> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Id*. at 664-65 (cleaned up).

To determine the validity of a guilty plea, this Court must assess whether the guilty plea colloquy "affirmatively show[s] that the defendant

- 8 -

understood what the plea connotated and its consequences." ***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa.Super. 2006). Additionally, we note that eligibility for RRRI is to be determined by the sentencing court "[a]t the time of sentencing." 61 Pa.C.S. § 4505(a).

Attorney Waltman argues that the appeals are frivolous because although "plea counsel had informed Appellant that he was RRRI eligible prior to his entry of the negotiated guilty pleas, Appellant's own remarks, on the record, indicate that he learned of his ineligibility in the course of the proceedings." ***Anders*** brief at 4-5. He further points out that the court held a post-sentence hearing and concluded that Appellant's plea was intelligent, knowing, and voluntary. ***Id***. at 5. Attorney Waltman explains that the record demonstrates that the court analyzed whether Appellant knew the nature of his charges and the range of sentences for those offenses, and that the court was not bound to accept the tendered plea. ***Id***. at 5-6. In other words, he maintains that the court analyzed the totality of the circumstances to determine whether Appellant properly entered his plea. ***Id***.

In response, Appellant contends that his claim is not frivolous because plea counsel should have known to stop the hearing since Appellant expressed a "clear misunderstanding" as to his RRRI eligibility. ***See*** Response to ***Anders*** brief, 11/18/24, at ¶ 40. Appellant asserts that plea counsel's incorrect advice that he was eligible led him to wrongly accept the guilty plea. ***Id***. at ¶¶ 40-49.

Upon review of the arguments raised by Appellant, we agree with counsel that Appellant entered his plea knowingly, intelligently, and voluntarily. The record reveals that, contrary to Appellant's assertion, he was informed of his ineligibility for RRRI prior to entering his plea. Appellant's written guilty plea, which he signed, outlined his potential sentencing exposure and did not mention the RRRI program. At the plea hearing, the court effectively colloquized Appellant and confirmed that he understood the nature and consequences of his pleas. Just prior to sentencing, plea counsel stated that it was Appellant's belief and hope that he would be eligible for the RRRI program, but that he had been informed that he would not be eligible by statute. *See* N.T. Plea and Sentencing, 10/27/22, at 2-12. Appellant contested his ineligibility, but still proceeded with the guilty plea hearing on the basis that he was not eligible. *Id*. Indeed, Appellant alluded to this fact in his post-sentence motion when he claimed that he and plea counsel were corrected before the conclusion of the plea and sentencing. *See* Post Sentence Motion, 4/8/24, at ¶ 3. Appellant additionally confirmed his knowledge of his ineligibility at the post-sentence motion hearing where he stated that he moved forward with the plea even though he learned of his ineligibility that day. *See* N.T. Post-Sentence Motion, 5/21/24, at 8. Thus, we agree with counsel that Appellant did not meet the high threshold necessary to withdraw his guilty plea. *See Hart*, 174 A.3d at 664.

The remaining issue raised by Appellant in his response to the *Anders* brief is a challenge to plea counsel's efficacy. *See* Response to *Anders* brief, 11/18/24, at ¶¶ 29, 40, 56-57, 59, 62, 64. When the Commonwealth informed plea counsel that Appellant would not be eligible for the RRRI program by statute, Appellant contends that counsel "doubled down on the misadvice [*sic*] to [him]." *Id*. at ¶ 56. He states that it is clear from the record that he would not have entered the plea had he known he was ineligible for the RRRI program. *Id*. at ¶ 62. Insofar as Appellant asserts that plea counsel provided ineffective assistance, that issue is a matter for collateral review.

> This Court has provided the following guidance:

> Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 577-80 ([Pa.] 2013). Instead, such claims are to be deferred to PCRA review. However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, the Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) "there is good cause shown," and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. More recently, our Supreme Court adopted a third exception, which requires trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review.

*Commonwealth v. James*, 297 A.3d 755, 760-61 (Pa.Super. 2023) (cleaned up).

There is no indication in the record that Appellant expressly waived his right to seek PCRA review or that he is statutorily precluded from obtaining such review. Pursuant to the discussion above, he has also not convinced us that plea counsel's conduct constitutes an "extraordinary circumstance" or that ineffectiveness is "apparent from the record" where plea counsel did not advise Appellant that he was eligible for the RRRI program after it was clarified that he would be ineligible by statute. *See* N.T. Plea and Sentencing, 10/27/22, at 12. As Appellant has not satisfied the above exceptions, this claim is deferred to collateral review. *See Holmes*, 79 A.3d at 563 ("[W]e hold that [the] general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel[.]").

Based on the foregoing, we agree with Attorney Waltman that these appeals are wholly frivolous, and, accordingly, grant counsel's applications to withdraw and affirm Appellant's judgment of sentence.

Applications of Douglas J. Waltman, Esquire, to withdraw as counsel are granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/11/2025

- 12 -