J-S06006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BARRY LEE CRESPO :
:
Appellant : No. 1177 WDA 2025

Appeal from the PCRA Order Entered September 8, 2025
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-CR-0000343-2008

BEFORE: KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: MAY 11, 2026**

Barry Crespo appeals *pro se* from the order denying his petition for relief

pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-

46. We affirm.

The facts and prolonged procedural history of this case may be

summarized as follows. Following a March 2009 trial, a jury convicted Crespo

of six counts each of corruption of minors and indecent assault, five counts

each of aggravated indecent assault, and one count each of involuntary

deviate sexual intercourse, unlawful contact with a minor, and statutory

sexual assault. The facts underlying these convictions involved Crespo's

engaging in sex acts with a fourteen-year-old girl while he was a youth

_____

[*] Former Justice specially assigned to the Superior Court.

advocate counselor and she was receiving counseling services. Thereafter, the trial court imposed an aggregate sentence of 20 to 40 years of imprisonment. Crespo appealed. On July 27, 2010, we affirmed Crespo's judgment of sentence. **Commonwealth v. Crespo**, 6 A.3d 574 (Pa. Super. 2010) (non-precedential decision). Crespo did not file a petition for allowance of appeal to our Supreme Court.

Over the next thirteen years, Crespo filed multiple PCRA petitions, the last of which resulted in relief in the form of a new sentencing hearing.[1] On May 1, 2023, the trial court imposed a new aggregate sentence of 9 to 20 years of imprisonment. Although this new sentence consisted of mostly concurrent sentences, the court imposed a consecutive sentence of 1½ to 5 years of imprisonment for Count 9 (corruption of minors), when it had previously imposed a concurrent sentence at this count.[2]

Crespo filed a timely appeal. Thereafter, counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and a petition to withdraw as counsel. On September 13, 2024, we granted counsel's petition and affirmed

_____

[1] Crespo's original sentence was vacated because he was sentenced to a mandatory minimum under 42 Pa.C.S.A. § 9718. The version in effect at the time Crespo was originally sentenced was found unconstitutional in **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016). The Commonwealth agreed that Crespo was serving an illegal sentence and did not oppose the court vacating his sentence and resentencing him. **See** Order, 12/6/22.

[2] At Counts 10 through 14, the trial court imposed a 1½ to 5 year sentence, but ran each count concurrently to Count 9.

Crespo's judgment of sentence. **Commonwealth v. Crespo**, 328 A.3d. 499 (Pa. Super. 2024) (non-precedential decision). Crespo did not seek further review.

On December 2, 2024, Crespo filed the PCRA petition at issue. The PCRA court appointed counsel, and the court twice granted PCRA counsel's request for a time extension. Ultimately, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Crespo filed a *pro se* response. By order entered September 8, 2023, the PCRA court denied Crespo's petition and granted PCRA counsel's motion to withdraw.[3] This appeal followed. Both Crespo and the PCRA court have complied with Appellate Rule 1925.

Crespo raises the following three issues on appeal, which we cite verbatim:

1.) Did the (PCRA) Court err, and Commit Reversible error when it dismissed the petition without considering the legal question of which remedy is proper for defendant to address the Sentencing Courts increase of his original sentence for Counts 9 thru 14;

2.) Is Counsel ineffective for failure to address the legal question of which remedy is proper for sentence challenge in order for the court to consider IN RE: A (PCRA) legality of

---

[3] There is no indication in the record that the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Crespo's petition without a hearing, but we note Crespo did file a response objecting to counsel's assessment of his appeal and counsel's request to withdraw. **See** Letter/Motion, 7/31/25, at 1-2.

sentence vs. A (post-sentence) [RE]-consideration Nunc Pro Tunc;

3.) Did the Resentencing Court abuse its discretion during Sentencing Determination without Objective Information of Defendants' conduct between the original Sentencing and the Re-Sentencing which warranted the Sentence Increase.

Crespo's Brief at iv.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Reduced to their essence, all three of Crespo's issues involve his belief that direct appeal counsel and PCRA counsel were ineffective for not arguing, pursuant to **Commonwealth v. Prinkey**, 277 A.3d 554 (Pa. 2022), that a presumption of vindictiveness arose upon resentencing when the trial court chose to increase the sentence imposed on Counts 9 through 14. We disagree.

We first note that Crespo raises a claim of ineffectiveness of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the

petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

In his brief, Crespo challenges the effectiveness of direct appeal counsel and PCRA counsel. However, he offers no analysis of the three factors as *Johnson* requires. Rather, as to both counsel, Crespo merely makes disparaging comments regarding their failure to raise the issue he believed warranted relief. *See* Crespo's Brief at 5-6. Because Crespo makes no legal argument, we will not consider his ineffectiveness claims further. *See Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

Nonetheless, Crespo's vindictiveness claim regarding certain counts of his new sentence fails. In affirming his judgment of sentence on direct appeal, this Court noted and rejected Crespo's claim when he raised it in his *pro se* response to counsel's *Anders* Brief:

> In the *pro se* response, Crespo asserts a claim of judicial vindictiveness because counts 9 through 14 were increased. *See Pro Se* brief, at 10. However, where a lesser aggregate term of incarceration is imposed upon resentencing, there is no basis to claim judicial vindictiveness. *See Commonwealth v. Cook*, 175 A.3d 345, 350 n.2 (Pa. Super. 2017) ("Because [a]ppellant received a lesser aggregate term of incarceration upon resentencing, our independent review does not reveal any suggestion of judicial vindictiveness regarding his new sentence.") (citation omitted).

*Crespo*, *supra* (non-precedential decision at 5 n.4).

Indeed, any claim of judicial vindictiveness would fail given that, on resentencing, the trial court imposed an aggregate sentence of less than one-half of the length of Crespo's original 20 to 40-year aggregate. Moreover, after imposing the reduced aggregate sentence, the trial court noted that Crespo "has grown over [the] 14 plus years that he's been incarcerated, that he is finally accepting responsibilities for his actions and exhibited true remorse." N.T., 5/2/23, at 17. In its Appellate Rule 1925(a) opinion, the PCRA court further explained its sentencing choice:

> [The court] took account of the substantial evidence presented in [Crespo's] favor. However, [the court] could not ignore the severity of the actions that resulted in his convictions. He committed the acts while he was employed as a caseworker with the Youth Advocacy Program. His job was to help troubled teenagers. He was in a position of trust. Instead of helping the victim, he took advantage of her when she was most vulnerable. In making [the] sentencing determination, [the court] weighed [Crespo's] interests against the interests of both the public and the victim, as [the court] was obligated to do.

> [The] sentences were not products of vindictiveness. In fact, [the court] commended [Crespo] on his acceptance of responsibility and the great strides he had taken to better himself and his fellow inmates. [The court] applied the law and exercised [its] judgment with impartiality to arrive at what [the court] determined to be appropriate sentences that reflected the gravity of the offenses and [Crespo's] particular circumstances. [Crespo] still received an aggregate sentence that was substantially less severe than the one originally imposed. Therefore, [the court] could not find that any reference to [**Prinkey**, **supra**] by sentencing counsel would have changed the outcome. [The court continues] to be satisfied that [the] sentences were appropriate. Any lesser sentence would have depreciated the gravity of [Crespo's] offenses.

PCRA Court Opinion, 12/2/25, at 5-6 (footnote and citations omitted).

Our review of the sentencing transcript supports the court's comments. Thus, even if Crespo had properly argued his ineffectiveness claim in this appeal, it would fail.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/11/2026