J-S15027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REGINALD B. DRAUGHN | : | |
| | : | |
| Appellant | : | No. 3114 EDA 2025 |

Appeal from the Judgment of Sentence Entered November 18, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002835-2021

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.: **FILED JUNE 15, 2026**

Reginald B. Draughn (Appellant) appeals from the judgment of sentence entered following his *nolo contendere* plea to unsworn falsification to authorities (unsworn falsification),[1] a second-degree misdemeanor. Appellant's counsel, Scott J. Werner, Jr., Esquire (Counsel), has filed an application to withdraw from his representation of Appellant, and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we grant Counsel's application to withdraw and affirm Appellant's judgment of sentence.

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4904(a)(1).

On July 31, 2020, Appellant attempted to purchase a firearm. In completing the purchase application, Appellant denied having a previous involuntary commitment pursuant to Section 302 of the Mental Health Procedures Act, 50 P.S. § 7302 (section 302). N.T., 11/18/25, at 7. However, Appellant "had previously been committed pursuant to Section 302." *Id.*

Relevant to this appeal, on July 27, 2021, Appellant was charged with unsworn falsification and sale or transfer of firearms.[2] After several incidents not relevant to this appeal, including Appellant's failure to remain in the courtroom for a bail hearing and his commitment to Norristown State Hospital to determine competency, on November 18, 2025, Appellant pled *nolo contendere* to unsworn falsification. At the time, Daniel Hollander, Esquire (plea counsel), represented Appellant. The trial court sentenced Appellant to six to twelve months in the Chester County Prison. Appellant filed no post-sentence motions. The trial court paroled Appellant immediately.

On December 4, 2025, Appellant timely appealed. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, after which Counsel stated his intention to file an *Anders* brief. The trial court filed a brief opinion acknowledging that Counsel intended to file an *Anders* brief. Trial Court Opinion, 2/4/26, at 1.

_____

[2] *See* 18 Pa.C.S.A. § 6111(g)(4).

We first address whether Counsel complied with the requirements for withdrawal under *Anders* and its progeny. *See Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." (quoting *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa. Super. 1997)). To withdraw from representation pursuant to *Anders*, counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the *Anders* brief to the appellant; and 3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

> With respect to the third requirement of *Anders*, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights.

> Further, an *Anders* brief must comply with the following requirements:

>> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> If counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Gabra*, 336 A.3d 1052, 1056 (Pa. Super. 2025) (brackets and citation omitted).

Instantly, Counsel has substantially complied with the procedural requirements stated in *Anders* and its progeny. Counsel filed a petition to withdraw in which he certified that he has reviewed Appellant's case and determined that Appellant's appeal is frivolous. Counsel provided proof of his service of the petition on Appellant, as well as a letter advising Appellant of his rights to retain new counsel, to proceed *pro se*, and to raise any additional issues he deems worthy of the court's attention. *Anders* Letter, 3/3/26.

In the *Anders* brief, Counsel provided a factual summary and procedural history of the case with citations to the record, made references to anything in the record that might arguably support the appeal, and set forth Counsel's reasons for concluding that any appeal would be frivolous. Because Counsel has complied with the *Anders* requirements, we proceed to our independent review of the record to determine whether Appellant's appeal is wholly frivolous.

In his *Anders* brief, Counsel identifies the following issues:

(1) whether Appellant tendered a valid *nolo contendere* plea;

(2) whether the trial court imposed an illegal sentence;

(3) whether the Commonwealth violated the statute of limitations; and

(4) whether plea counsel rendered ineffective assistance.

*See generally Anders* Brief at 13-17 (addressing a challenge to the *nolo contendere* plea); 17-18 (addressing a challenge to the legality of Appellant's sentence); 18 (addressing a challenge to a violation of the statute of limitations); 18-21 (addressing a claim of ineffective assistance of plea counsel). We address each in turn.

Appellant's first issue challenges the validity of Appellant's *nolo contendere* plea to unsworn falsification. *Id.* at 13. Counsel points out that to preserve an issue related to the validity of a *nolo contendere* plea, an appellant must either "object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." *Id.* at 13-14 (quoting *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002)). Counsel further reviews the requirements for a valid *nolo contendere* plea and asserts that Appellant tendered a valid, knowing and voluntary plea. *Id.* at 15-17. Our review confirms Counsel's assessment.

"A defendant wishing to challenge the voluntariness of a guilty plea[3] on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (footnote added). Pennsylvania Rule of Criminal Procedure 720 provides in relevant part that

---

[3] "[A] plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Bradley*, 326 A.3d 982, 987 (Pa. Super. 2024) (citation omitted).

[t]he defendant in a court case shall have the right to make a post-sentence motion. All requests for relief from the trial court shall be stated with specificity and particularity, and shall be consolidated in the post-sentence motion, which may include:

**(i)** a motion challenging the validity of a plea of … *nolo contendere*, or the denial of a motion to withdraw a plea of … *nolo contendere*[.]

Pa.R.Crim.P. 720(B)(1)(a)(i). The failure to object or file a post-sentence motion to withdraw the plea results in waiver. **Lincoln**, 72 A.3d at 610.

Here, Appellant failed to challenge the validity of his *nolo contendere* plea during his plea colloquy, at sentencing, or in a post-sentence motion. Therefore, this issue is waived. **See id.** We thus agree that Appellant's first issue is frivolous. **See Commonwealth v. Cook**, 175 A.3d 345, 350 (Pa. Super. 2017) (finding that waived issues raised on appeal are frivolous for purposes of an **Anders** analysis); **see also Commonwealth v. Cox**, 231 A.3d 1011, 1016 (Pa. Super. 2020) (explaining that precedent does not permit "this Court to address issues that were not properly preserved in the trial court" and "the mere filing of an **Anders** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal").

Appellant's second issue challenges the legality of his sentence. **Anders** Brief at 17. In the **Anders** brief, Counsel explains that Appellant pled *nolo contendere* to unsworn falsification, a misdemeanor of the second degree, "which carries a maximum sentence of two (2) years [of] incarceration." **Id.** (citing 18 Pa.C.S.A. § 1104).

- 6 -

Instantly, the trial court sentenced Appellant to six to twelve months in the Chester County Prison, a sentence well within the statutory limits. Thus, Appellant's challenge to the legality of his sentence lacks merit and is frivolous.

Appellant's third issue challenges his prosecution as violating the statute of limitations. *Anders* Brief at 18. Counsel explains that on April 8, 2025,

> Appellant sent a *pro se* motion to the Clerk of Courts with the bare assertion of a violation of the statute of limitations claiming the case was filed "8/21" and "it is now 4/25." *See* Motion to Dismiss dated []4/13/2025….

*Anders* Brief at 18.

Pennsylvania's Judicial Code Section 5552 provides, in relevant part, as follows:

> **(a)** *General rule.* — Except as otherwise provided in this subchapter, a prosecution for an offense must be commenced within two years after it is committed.
>
> **(b)** *Major offenses.* — A prosecution for any of the following offenses must be commenced within five years after it is committed:
>
> > **(1)** Under the following provisions of Title 18 (relating to crimes and offenses):
> >
> > ….
> >
> > Section 4902 (relating to perjury) through section 4912 (relating to impersonating a public servant).

42 Pa.C.S.A. § 5552(a)-(b)(1). Appellant's conviction of unsworn falsification, pursuant to 18 Pa.C.S.A. § 4904, is thus subject to a five-year statute of limitations. *See id.*

At the plea hearing, Appellant did not contest that on July 31, 2020, he committed the offense of unsworn falsification. N.T., 11/18/25, at 7. The Commonwealth charged Appellant, by criminal complaint, on July 27, 2021, well within the five-year statute of limitations. Therefore, Appellant's claim of a violation of the statute of limitations lacks merit and is frivolous.

Appellant's final issue claims the ineffective assistance of plea counsel. **Anders** Brief at 18. Counsel points out that Appellant asserts only a "boilerplate" claim of ineffective assistance of counsel. **Id.** at 20. According to Counsel,

> Appellant, outside of his boilerplate claim of ineffectiveness, fails to highlight any extraordinary circumstance[,] nor is there any claim apparent from the record[,] which would merit consideration of ineffective assistance of counsel on direct appeal. In fact, the record clearly shows [] Appellant entered a knowing, intelligent, and voluntary plea[,] [] all the terms of which were reviewed with him by plea and sentenc[ing] counsel. Finally, [] Appellant is not statutorily precluded from obtaining [Post Conviction Relief Act[4]] (PCRA) review.

**Id.** (footnote added). Our review confirms Counsel's assessment.

As a general rule, claims of ineffective assistance of trial (or plea) counsel should wait until collateral review pursuant to the PCRA. **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002). Our Supreme Court has recognized three exceptions to this general rule. The first exception applies to extraordinary circumstances, when a "trial court, in the exercise of

_____

[4] 42 Pa.C.S.A. §§ 9541-9546.

its discretion, determines that a claim [] of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted." ***Commonwealth v. Holmes***, 79 A.3d 562, 577 (Pa. 2013). The second exception addresses "multiple and fairly common ineffectiveness claims," which are accompanied by the defendant's "knowing, voluntary, and express waiver of PCRA review." ***Id.*** at 577-78, 580. The third exception requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018).

Appellant asserts no extraordinary circumstances, nor has he asserted multiple or common ineffectiveness claims accompanied by a waiver of PCRA review. Thus, Appellant has not established the first two exceptions that allow for review of an ineffectiveness claim on direct appeal. ***See Holmes***, 79 A.3d at 577-78, 580.

Regarding the third exception, although Appellant may be statutorily ineligible for PCRA review based upon the length of his sentence, he advances only a boilerplate ineffectiveness claim. This Court has stated that in seeking a remand for an evidentiary hearing on *PCRA counsel's* ineffectiveness, a petitioner is "required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness." ***Commonwealth v. Bradley***, 261 A.3d 381, 402 (Pa. 2021). The petitioner "has the burden to persuade this Court that

the PCRA court erred and that such error requires relief." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144-45 (Pa. 2018).

Here, we similarly conclude that in seeking remand for a hearing on plea counsel's ineffectiveness, an appellant must provide more than mere boilerplate assertions of plea counsel's ineffectiveness. Because Appellant failed to do so, we decline to remand to the trial court for a hearing on this issue. For the above-stated reasons, we conclude that none of the exceptions apply, and Appellant's ineffectiveness claim cannot be considered on direct appeal. Further, this issue is frivolous.

We note that on January 3, 2026, this Court received *pro se* response to Counsel's ***Anders*** brief. In his response, Appellant asserts that

(a)   the Commonwealth violated the statute of limitations and prosecuted him well outside of the two-year statute of limitations, *Pro Se* Response, 1/3/26, ¶ 1;

(b)   he was unlawfully committed under Section 302; ***id.*** ¶ 2;

(c)   he was subject to illegal pre-trial incarceration prior to his plea, and "[d]efective charging and record irregularities," ***id.*** ¶¶ 3-4;

(d)   he tendered an unknowing and involuntary plea, ***id.*** ¶ 5;

(e)   Counsel's withdrawal under ***Anders*** is barred because there are arguable, non-waivable issues, ***id.*** ¶ 6.

However, Appellant asserts mere boilerplate claims, without citations to the record or supporting legal authority. ***See Commonwealth v. Lawrence***, 313 A.3d 265, 278 n.3 (Pa. Super. 2024) ("It is well settled that this Court will not act as counsel and will not develop arguments on behalf of an

appellant." (citation, brackets, and quotation marks omitted)). In addition, Counsel addressed most of Appellant's claims in the **Anders** brief, and Appellant offers no additional support as to why Counsel erred in his assessment of the issues. The claims asserted in Appellant's response warrant no relief and are frivolous.

Finally, our independent review discloses no additional non-frivolous issues that could be raised by Appellant. For the above-stated reasons, we grant Counsel's Application to withdraw and affirm Appellant's judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/15/2026

- 11 -